UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE PRUDENTIAL
INSURANCE COMPANY
OF AMERICA,

                Plaintiff,

          -v-                    6:21-CV-701

GERALD L. CURTIS, RYAN
CURTIS, CHRISTIAN METZGER,
Z.R., JOSHUA LAWLER, KAELA
HOSTETLER, S.L., and THE
ESTATE OF ANTONIO M. CURTIS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER

On June 15, 2021, plaintiff Prudential Insurance Company of America ("Prudential"), an insurer that provided life insurance coverage to decedent Antonio M. Curtis (the "Insured") while he was a servicemember, filed this interpleader action against the Estate of Antonio M. Curtis, decedent's uncle Gerald L. Curtis, and decedent's six surviving siblings: Ryan Curtis, Christian Metzger, Joshua Lawler, Kaela Hostetler, Z.R., and S.L.

As Prudential explains in its operative complaint, the named defendants have asserted competing claims to the life insurance proceeds, rendering the plaintiff "unable to determine who is entitled to the Death Benefit without exposing itself to multiple liability." Second Am. Compl. ¶ 29.

On January 11, 2022, the parties jointly moved for three distinct forms of relief: (1) an Order appointing attorney representatives for the two minor defendants; (2) an Order dismissing the unopened Estate of Antonio M. Curtis from this action; (3) an Order granting interpleader relief to Prudential.[1] Dkt. No. 54.

On February 10, 2022, U.S. Magistrate Judge Miroslav Lovric held an initial conference with the parties. Text Minute Entry for 2/10/22. There, Judge Lovric (1) granted the parties' request to appoint counsel for the minor defendants, (2) denied the parties' request for leave to dismiss the unopened Estate, and (3) held in abeyance Prudential's request for interpleader relief pending the appearance of the guardians *ad litem*. *Id*.; *see also* Dkt. No. 61.

On May 12, 2022, Judge Lovric held a conference in which all the parties and their representatives were present. *See* Text Minute Entry for 5/12/22. There, Judge Lovric lifted the stay as to Prudential's request for interpleader relief. *Id*. At that time, the parties notified Judge Lovric that they had

---

[1] Prudential has since filed a supplement to this joint motion. Dkt. No. 74.

"reached a global settlement" and were preparing "settlement papers" for final review and approval.  *Id*.; Dkt. No. 72.

On June 27, 2022, the Court-appointed guardian *ad litem* for defendant Z.R. filed a letter requesting to be relieved as counsel effective June 30.  Dkt. No. 75.  As the letter explained, minor defendant Z.R. would soon attain the age of majority and "be able to speak for himself with respect to the proposed settlement."  *Id*.

Interpleader "forces the claimants to contest what essentially is a controversy between them."  *Pacnet Servs. Ltd. v. Off. of Foreign Assets Control of United States Dep't of the Treasury*, 521 F. Supp. 3d 181, 198 (E.D.N.Y. 2021) (citation omitted).  Courts follow a two-step process in an interpleader action.  "At the first stage, the Court determines whether the jurisdictional requirements of § 1335 are met and, if so, discharges the plaintiff from liability."  *Pacnet Servs. Ltd. v. Off. of Foreign Assets Control of United States Dep't of the Treasury*, 521 F. Supp. 3d 181, 198 (E.D.N.Y. 2021) (citation omitted).  "At the second stage of the interpleader process, the Court adjudicates the parties' adverse claims on the merits."  *Id*. (cleaned up).

Upon review of the filings and supporting documentation, it is

ORDERED that

1.  The letter motion (Dkt. No. 75) to be discharged as counsel is DENIED without prejudice to renew;

2.  Any renewed request for discharge as counsel shall be directed to the assigned Magistrate Judge;

3.  The Estate of Antonio M. Curtis is DISMISSED as a defendant (Dkt. No. 64);

4.  Prudential's motion for interpleader relief (Dkt. No. 54) is GRANTED; and

5.  The remaining parties are directed to file a copy of their executed settlement agreement within thirty days of the date of this Order.

IT IS SO ORDERED.


Dated:  June 29, 2022
        Utica, New York.

David N. Hurd
U.S. District Judge