UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE PRUDENTIAL
INSURANCE COMPANY
OF AMERICA,

     Plaintiff,

    -v-       6:21-CV-701

GERALD L. CURTIS, RYAN
CURTIS, CHRISTIAN METZGER,
Z.R., JOSHUA LAWLER, KAELA
HOSTETLER, S.L., and THE
ESTATE OF ANTONIO M. CURTIS,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## <u>ORDER ON STIPULATION</u>

On June 15, 2021, plaintiff Prudential Insurance Company of America

("Prudential"), an insurer that provided life insurance coverage to decedent

Antonio M. Curtis (the "Insured") while he was a servicemember, filed this

interpleader[1] action against the Estate of Antonio M. Curtis, decedent's uncle

---

[1] Interpleader "forces the claimants to contest what essentially is a controversy between them." *Pacnet Servs. Ltd. v. Off. of Foreign Assets Control of United States Dep't of the Treasury*, 521 F. Supp. 3d 181, 198 (E.D.N.Y. 2021) (citation omitted). Courts follow a two-step process in an interpleader action. "At the first stage, the Court determines whether the jurisdictional requirements of § 1335 are met and, if so, discharges the plaintiff from liability." *Id*. "At the second stage of the interpleader process, the Court adjudicates the parties' adverse claims on the merits." *Id*. (cleaned up).

Gerald L. Curtis, and decedent's six surviving siblings: Ryan Curtis, Christian Metzger, Joshua Lawler, Kaela Hostetler, Z.R., and S.L.

On January 11, 2022, the parties jointly moved for three distinct forms of relief: (1) an Order appointing attorney representatives for the two minor defendants; (2) an Order dismissing the unopened Estate of Antonio M. Curtis from this action; (3) an Order granting interpleader relief to Prudential.[2]  Dkt. No. 54.

On February 10, 2022, U.S. Magistrate Judge Miroslav Lovric held an initial conference with the parties.  Text Minute Entry for 2/10/22.  There, Judge Lovric (1) granted the parties' request to appoint counsel for the minor defendants, (2) denied the parties' request for leave to dismiss the unopened Estate, and (3) held in abeyance Prudential's request for interpleader relief pending the appearance of the guardians *ad litem*.  *Id*.; *see also* Dkt. No. 61.

On May 12, 2022, Judge Lovric held a conference in which all the parties and their representatives were present.  *See* Text Minute Entry for 5/12/22.  There, Judge Lovric lifted the stay as to Prudential's request for interpleader relief.  *Id*.  At that time, the parties notified Judge Lovric that they had "reached a global settlement" and were preparing "settlement papers" for final review and approval.  *Id*.; Dkt. No. 72.

---

[2]  Prudential later filed a supplement to this joint motion.  Dkt. No. 74.

On June 27, 2022, the Court-appointed guardian *ad litem* for defendant Z.R. filed a letter requesting to be relieved as counsel effective June 30.  Dkt. No. 75.  As the letter explained, minor defendant Z.R. would soon attain the age of majority and "be able to speak for himself with respect to the proposed settlement."  *Id.*

On June 29, 2022, this Court denied without prejudice the request to be relieved as counsel, dismissed as a defendant the Estate of Antonio M. Curtis, granted Prudential's motion for interpleader relief, and directed the remaining parties to file a copy of their executed settlement agreement within thirty days of the date of this Order.  Dkt. No. 76; *see also* Dkt. No. 79.

On July 29, 2022, the parties jointly moved for approval of a stipulation that would settle their dispute over the appropriate distribution of the interpleader funds (the "Policy Proceeds").  Dkt. No. 83.

Upon review of the filings and supporting documentation, it is

ORDERED that

1.  The joint motion for approval of the stipulation and settlement for distribution of interpleader funds involving a minor is GRANTED;

2.  The Policy Proceeds shall be paid in the sums set forth as follows:

(a) Defendant Ryan Curtis is awarded $15,000.00 from the Policy

Proceeds, and the Clerk of the Court shall pay such amount by check

made payable to "Ryan Curtis" and deliverable to his address on record with the Court;

(b) Defendant Christian Metzger is awarded $15,000.00 from the Policy Proceeds, and the Clerk of the Court shall pay such amount by check made payable to "Christian Metzger" and deliverable to his address on record with the Court;

(c) Defendant Joshua Lawler is awarded $15,000.00 from the Policy Proceeds, and the Clerk of the Court shall pay such amount by check made payable to "Joshua Lawler" and deliverable to his address on record with the Court;

(d) Defendant Kaela Hostetler is awarded $15,000.00 from the Policy Proceeds, and the Clerk of the Court shall pay such amount by check made payable to "Kaela Hostetler" and deliverable to her address on record with the Court;

(e) Defendant Z.R. is awarded $15,000.00 from the Policy Proceeds, and the Clerk of the Court shall pay such amount by check to Z.R.'s attorney of record for distribution in accordance with this Order;

(f) Defendant S.L. is awarded $15,000.00 from the Policy Proceeds, and the Clerk of the Court shall pay such amount by check to S.L.'s attorney of record for distribution in accordance with this Order;

(g) Defendant Gerald Curtis is awarded the remainder of the Policy

Proceeds, plus all interest accrued, and the Clerk of the Court shall pay

such amount by check made payable to "Gerald Curtis" and deliverable

to his counsel of record;

(3) The guardians *ad litem* appointed for defendants Z.R. and S.L. shall be

DISCHARGED upon the respective minors' reaching of the age of majority;

(4) Any request by the guardians *ad litem* for fees and costs shall be paid

from the Policy Proceeds in accordance with Local Rule 17.1

IT IS SO ORDERED.

Dated:  August 1, 2022
        Utica, New York.

David N. Hurd
U.S. District Judge