UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THE PRUDENTIAL INS. CO. OF AM.,

                Plaintiff,                  6:21-CV-0701
                                                                         (DNH/ML)

v.

GERALD L. CURTIS; RYAN CURTIS;
CHRISTIAN METZGER; Z.R. c/o Carla
Greany Guardian of Defendant, Pro Se
4838 Beacon Light Road, Oneida,
NY 13421, *a minor*; JOSHUA LAWLER;
KAELA HOSTETLER; S.L. Stacey Reinke,
Guardian 132 W. Walnut Street, Jefferson,
OH 44047, *a minor*; and THE ESTATE OF
ANTONIO M. CURTIS,

                Defendants.

---

APPEARANCES:                                      OF COUNSEL:

D'ARCAMBAL OUSLEY & CUYLER BURK, LLP    JACLYN D. MALYK, ESQ.
  Counsel for the Plaintiff
4 Century Drive, Suite 250
Parsippany Corporate Center
Parsippany, New Jersey 07054-4663

LAW OFFICES OF HEATHER D. LEE, PLLC      HEATHER D. LEE, ESQ.
  Counsel for Defendant Gerald Curtis
445 Broad Hollow Road, Suite 25
Melville, New York 11747

RYAN CURTIS
  *Pro se* Defendant
4848 Beacon Light Road
Oneida, New York 13421

CHRISTIAN METZGER
   *Pro se* Defendant
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
(last address on record)

HINMAN HOWARD & KATTELL, LLP        ALBERT J. MILLUS, ESQ.
   Counsel for Defendant Z.R.
80 Exchange Street
700 Security Mutual Building
Binghamton, New York 13902-5250

JOSHUA LAWLER
   *Pro se* Defendant
843 North Market Street
Jefferson, Ohio 44047

KAELA HOSTETLER
   *Pro se* Defendant
57 East Walnut Street
Jefferson, Ohio 44047

LEVENE, GOULDIN LAW FIRM        KATHRYN DONNELLY, ESQ.
   Counsel for S.L.
450 Plaza Drive
Vestal, New York 13850

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

     Currently before the Court, in this insurance contract action filed by the Prudential Insurance Company of America ("Plaintiff") against Gerald L. Curtis, Ryan Curtis, Christian Metzger, Z.R., Joshua Lawler, Kaela Hostetler, S.L., and the Estate of Antonio M. Curtis (collectively "Defendants"), are motions for attorneys' fees filed by the guardians *ad litem* for Z.R. and S.L. (Dkt. Nos. 86, 88.) For the reasons set forth below, I recommended that the motions for attorneys' fees be granted.

I.   BACKGROUND

Plaintiff filed an interpleader Complaint in this matter on June 15, 2021. (Dkt. No. 1.) On July 30, 2021, Plaintiff filed an Amended Complaint. (Dkt. No. 5.) On January 11, 2022, Plaintiff filed a Second Amended Complaint, which was the operative pleading in this matter. (Dkt. No. 53.)

On January 11, 2022, Plaintiff filed a joint motion for interpleader deposit. (Dkt. No. 54.) Plaintiff's motion also sought appointment of representation for Defendants Z.R. and S.L., and dismissal of Defendant Estate of Antonio M. Curtis. (*Id.*) On February 10, 2022, the undersigned held a continuation of the initial conference during which, the Court (1) denied Plaintiff's motion to the extent that it sought dismissal of Defendant Estate of Antonio M. Curtis, which could be dismissed by Plaintiff pursuant to Fed. R. Civ. P. 41(a)(1)(i); (2) granted Plaintiff's motion to the extent that it sought appointment of guardians *ad litem* for Defendants Z.R. and S.L. pursuant to Fed. R. Civ. P. 17(c)(2) and N.D.N.Y. L.R. 17.1(b); and (3) held in abeyance Plaintiff's motion to the extent that it sought interpleader relief. (Dkt. No. 59.)

On February 17, 2022, the Court appointed Kathryn Donnelly, Esq., as guardian *ad litem* for Defendant S.L., and Albert J. Millus, Jr., Esq., as guardian *ad litem* for Defendant Z.R. (Dkt. No. 61.) The Court noted in its appointment order that, "pursuant to Local Rule 17.1(b), at the conclusion of this matter the Court shall authorize payment to the Guardian Ad Litem of a reasonable attorney's fee and proper disbursements from the amount recovered in this matter, whether realized by settlement, execution or otherwise, and shall determine the fee and disbursements after due inquiry as to all charges against the amount recovered." (*Id.*)

On March 10, 2022, Plaintiff filed a notice of dismissal as to Defendant Estate of Antonio M. Curtis pursuant to Fed. R. Civ. P. 41(a)(1). (Dkt. No. 64.)

On May 12, 2022, the undersigned held a conference during which, the parties agreed that no further discovery was necessary, the Court lifted the abeyance on Plaintiff's motion to the extent that it sought interpleader relief, and Defendants stated that they had reached a global settlement. (Dkt. No. 72.)

On June 27, 2022, Attorney Millus filed a letter motion requesting that he be discharged as guardian *ad litem* for Defendant Z.R. (Dkt. No. 75.) On June 29, 2022, United States District Judge David N. Hurd: (1) denied Attorney Millus's letter motion without prejudice to renew, (2) dismissed Defendant Estate of Antonio M. Curtis as a defendant,[1] (3) granted Plaintiff's motion for interpleader relief, and (4) directed Defendants to file a copy of their executed settlement agreement within thirty days of the date of the order. (Dkt. No. 76.)

On July 29, 2022, Defendant Gerald Curtis filed a joint motion to approve consent judgment. (Dkt. No. 83.) On August 1, 2022, Judge Hurd issued an order granting Defendants' joint motion for approval of the stipulation and settlement. (Dkt. No. 84.) Pursuant to Judge Hurd's order, the policy proceeds were to be paid as follows:

> (a) Defendant Ryan Curtis is awarded $15,000.00 from the Policy Proceeds, and the Clerk of the Court shall pay such amount by check made payable to "Ryan Curtis" and deliverable to his address on record with the Court; (b) Defendant Christian Metzger is awarded $15,000.00 from the Policy Proceeds, and the Clerk of the Court shall pay such amount by check made payable to "Christian Metzger" and deliverable to his address on record with the Court; (c) Defendant Joshua Lawler is awarded $15,000.00 from the Policy Proceeds, and the Clerk of the Court shall pay such amount by check made payable to "Joshua Lawler" and deliverable to his address on record with the Court; (d) Defendant Kaela Hostetler is awarded $15,000.00 from the Policy Proceeds, and the Clerk of the Court shall pay such amount by check made payable to "Kaela Hostetler" and deliverable to her address on record with the Court; (e) Defendant Z.R. is awarded $15,000.00 from the Policy Proceeds, and the Clerk of the Court

---

[1] The Court notes that Defendant Estate of Antonio M. Curtis has not been terminated from the docket. (*See generally* docket sheet.) As a result, the Clerk of the Court is directed to terminate Defendant Antonio M. Curtis from the docket.

4

      shall pay such amount by check to Z.R.'s attorney of record for distribution in accordance with this Order; (f) Defendant S.L. is awarded $15,000.00 from the Policy Proceeds, and the Clerk of the Court shall pay such amount by check to S.L.'s attorney of record for distribution in accordance with this Order; (g) Defendant Gerald Curtis is awarded the remainder of the Policy Proceeds, plus all interest accrued, and the Clerk of the Court shall pay such amount by check made payable to "Gerald Curtis" and deliverable to his counsel of record.

(Dkt. No. 84 at 3-5.) Judge Hurd also directed that "[a]ny request by the guardians ad litem for fees and costs shall be paid from the Policy Proceeds in accordance with Local Rule 17.1." (Dkt. No. 84 at 5.)

On August 15, 2022, Attorney Donnelly filed a letter motion requesting attorney's fees in the amount of $5,829.00. (Dkt. No. 86.) On August 25, 2022, Attorney Millus filed a motion for attorney's fees in the amount of $7,500.00. (Dkt. No. 88.) Those motions have been referred to the undersigned for the issuance of a report and recommendation.

On September 26, 2022, the undersigned issued a text order directing Attorneys Donnelly and Millus to supplement their motions for attorneys' fees to indicate their positions on which share or shares of the policy proceeds their fees should be extracted from. (Dkt. No. 89.)

On September 27, 2022, Attorney Millus filed a letter brief supplementing his motion, stating that he "assumed that the fees for the guardians *ad litem* would be paid from the residue of the insurance proceeds to be disbursed to [Defendant] Gerald Curtis." (Dkt. No. 90.) Attorney Millus further stated that, however, "upon reflection, I believe that the most equitable disposition would be for the fees to be paid from the totality of the proceeds . . . and the disbursements . . . be adjusted accordingly." (*Id.*)

On October 4, 2022, Attorney Donnelly filed a letter brief supplementing her motion stating that her interpretation of the settlement agreement was that the fees would come from Gerald Curtis's portion of the policy proceeds. (Dkt. No. 92.)

5

On October 11, 2022, Attorney Lee filed a letter brief on behalf of Defendant Gerald Curtis, with the consent of all Defendants, stating that it is the joint position of Defendants that the guardian *ad litem* fees be paid by reducing the amount payable to Defendant Gerald Curtis. (Dkt. No. 93.)

## II.  RELEVANT LEGAL STANDARDS

Fed. R. Civ. P. 17(c) provides that "[t]he court must appoint a guardian ad litem . . . to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Pursuant to N.D.N.Y. Local Rule 17.1(b), "[t]he Court shall authorize payment of a reasonable attorney's fee and proper disbursements from the amount recovered in such an action, whether realized by settlement, execution or otherwise, and shall determine the fee and disbursements after due inquiry as to all charges against the amount recovered."

## III.  ANALYSIS

Having considered the motions filed by Attorneys Donnelly and Millus (Dkt. Nos. 86, 88), the supplements thereto (Dkt. Nos. 90, 92), and the joint submission of all Defendants (Dkt. No. 93), I find that the fees sought by Attorneys Donnelly and Millus are reasonable. In accordance with the agreement reached by Defendants, I recommend that the motions of Attorneys Donnelly and Millus be granted, such that: (1) Attorney Donnelly be paid $5,829.00, (2) Attorney Millus be paid $7,500.00, (3) Defendants Ryan Curtis, Christian Metzger, Joshua Lawler, Kaela Hostetler, Z.R., and S.L. each receive $15,000.00 from the policy proceeds, and (4) Defendant Curtis receive the remainder of the policy proceeds including all interest accrued to the date of distribution. (*See generally* Dkt. No. 93.)

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that the Attorneys Donnelly and Millus's motions for attorney's fees be **GRANTED** such that (1) Attorney Donnelly be paid $5,829.00, (2) Attorney Millus be paid

$7,500.00, (3) Defendants Ryan Curtis, Christian Metzger, Joshua Lawler, Kaela Hostetler, Z.R., and S.L. each receive $15,000.00 from the policy proceeds, and (4) Defendant Curtis receive the remainder of the policy proceeds including all interest accrued to the date of distribution; and it is further

**ORDERED** that the Clerk of the Court shall terminate Defendant Estate of Antonio M. Curtis from the docket pursuant to the order of Judge Hurd dated June 29, 2022 (Dkt. No. 76), and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order Report-Recommendation on the parties.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: October 19 , 2022
Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).