UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE PRUDENTIAL
INSURANCE COMPANY
OF AMERICA,

            Plaintiff,

       -v-                6:21-CV-701

GERALD L. CURTIS, RYAN
CURTIS, CHRISTIAN METZGER,
Z.R., JOSHUA LAWLER, KAELA
HOSTETLER, S.L., and THE
ESTATE OF ANTONIO M. CURTIS,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## **ORDER ON REPORT & RECOMMENDATION**

On June 15, 2021, plaintiff Prudential Insurance Company of America

("Prudential"), an insurer that provided coverage to decedent Antonio M.

Curtis (the "Insured") while he was a servicemember, filed this interpleader[1]

---

[1] Interpleader "forces the claimants to contest what essentially is a controversy between them." *Pacnet Servs. Ltd. v. Off. of Foreign Assets Control of United States Dep't of the Treasury*, 521 F. Supp. 3d 181, 198 (E.D.N.Y. 2021) (citation omitted). Courts follow a two-step process in an interpleader action. "At the first stage, the Court determines whether the jurisdictional requirements of § 1335 are met and, if so, discharges the plaintiff from liability." *Id.* "At the second stage of the interpleader process, the Court adjudicates the parties' adverse claims on the merits." *Id.* (cleaned up).

action against the Estate of Antonio M. Curtis, decedent's uncle Gerald L.

Curtis, and decedent's six surviving siblings: Ryan Curtis, Christian Metzger,

Joshua Lawler, Kaela Hostetler, Z.R., and S.L.  After guardians *ad litem*

were appointed to represent the two minor defendants, the parties notified

Judge Lovric they had "reached a global settlement" and were preparing

settlement papers for final review and approval.  Dkt. No. 72.

On July 29, 2022, the parties jointly moved for approval of a stipulation

that would settle their dispute over the appropriate distribution of the

interpleader funds (the "Policy Proceeds").  Dkt. No. 83.  That motion was

granted on August 1, 2022.  Dkt. No. 84.  Thereafter, the two guardians *ad*

*litem* sought attorney's fees for their work.  Dkt. Nos. 86, 88.

On October 19, 2022, Judge Lovric advised by Report & Recommendation

("R&R") that those fee requests be granted.  Dkt. No. 95.  None of the parties

have filed objections, and the time period in which to do so has expired.  *See*

*id.*  Upon review for clear error, the R&R will be accepted and adopted in all

respects.  *See* FED R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1.  The Report & Recommendation is ACCEPTED;

2.  Attorney Kathryn Donnelly's motion for attorney's fees is GRANTED;

3.  Attorney Albert J. Millus Jr.'s motion for attorney's fees is GRANTED;

4.  Attorney Donnelly shall be paid $5,829.00;

5.  Attorney Millus shall be paid $7,500.00;

6.  Defendants Ryan Curtis, Christian Metzger, Joshua Lawler, Kaela

Hostetler, Z.R., and S.L. shall each receive $15,000 from the Policy Proceeds;

and

7.  Defendant Gerald L. Curtis shall receive the remainder of the Policy

Proceeds including all interest accrued to the date of distribution.

The Clerk of the Court is directed to terminate the pending motions and

distribute the proceeds accordingly.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  November 7, 2022
           Utica, New York.